IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JUAN MANUEL SAHAGUN PELAYO,

      Petitioner,

v.                                        Case No. 5:16-cv-09875

D.L. YOUNG, Warden,
FCI Beckley

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the court is Petitioner Juan Manuel Sahagun Pelayo's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and motion for an expedited ruling. (ECF Nos. 1, 16). Respondent filed a response to the petition and moved for dismissal of this action. (ECF No. 10). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Petitioner is clearly not entitled to relief; therefore, the undersigned **RECOMMENDS** that his § 2241 petition and motion to expedite be **DENIED** and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

1

## I. Relevant Factual and Procedural Background

In 2009, Petitioner was charged with federal drug trafficking crimes in the United States District Court for the Western District of Texas (the "sentencing court"). *See United States v. Juan Manuel Pelayo Sahagun*, 3:09-cr-00892-KC (W.D. Tex. May 24, 2010) at ECF No. 235. He entered into a plea agreement whereby he pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841, 846. *Id.* Pursuant to the plea agreement, Petitioner agreed to waive his right to appeal his sentence except on the ground of ineffective assistance of counsel or prosecutorial misconduct. *Id.*

Nevertheless, Petitioner pursued a direct appeal in the United States Court of Appeals for the Fifth Circuit (the "Fifth Circuit"), which was dismissed as frivolous. *Id.* at ECF Nos. 228, 235. Petitioner then filed two motions under 28 U.S.C. § 2255 in the sentencing court. *Id.* at ECF Nos. 235, 279. In his first § 2255 motion, he argued that his guilty plea was void because the court lacked jurisdiction to sentence him on a charge not passed upon by a grand jury. *Id.* at ECF No. 235. However, the sentencing court determined that Petitioner's plea agreement barred his claim; therefore, the court denied the motion, dismissed the matter with prejudice, and declined to issue a certificate of appealability. *Id.* Petitioner proceeded to file a motion for a certificate of appealability in the Fifth Circuit, which was also denied. *Id.* at ECF No. 269.

Petitioner filed a second § 2255 motion in the sentencing court, arguing that his conviction and sentence were invalid because the court did not have jurisdiction over his criminal case. *Id.* at ECF No. 279. The sentencing court found that Petitioner did not receive the necessary certification from the Fifth Circuit to file a second or successive § 2255 motion and dismissed the action without prejudice. *Id.*

In October 2016, while incarcerated at Federal Correctional Institution Beckley in Beaver, West Virginia, Petitioner filed the instant petition under § 2241. (ECF No. 1). He contends that he is being unlawfully detained in violation of the due process clause of the United States Constitution because the sentencing court convicted him without jurisdiction, using invalid laws and false documents filed by the United States' Attorney. (ECF No. 1 at 1-2). He asks to be released from custody. (*Id.* at 3).

In response, Respondent argues that Petitioner's habeas petition, should be dismissed, because it is properly construed as a challenge to the imposition of his sentence under 28 U.S.C. § 2255. Respondent asserts that Petitioner is procedurally barred from filing a § 2255 motion because (1) it is untimely; (2) he previously filed two § 2255 motions and cannot file another without court permission; and (3) he waived his right to contest his sentence other than on the basis of ineffective assistance of counsel or prosecutorial misconduct, which he does not allege. (ECF No. 10 at 2-3).

Petitioner filed a memorandum in opposition to the motion to dismiss, in which he again emphasizes that his conviction and sentence are invalid because the sentencing court acted without jurisdiction and convicted him under invalid laws. (ECF No. 14). Petitioner also filed a motion seeking an expedited ruling in his case on the basis that he has a terminal illness. (ECF No. 16).

## II. <u>Discussion</u>

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not additional, alternative, or supplemental to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality

of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.).

When arguing that § 2255 is inadequate or ineffective, a petitioner must rely on the "savings clause" found at 28 U.S.C. § 2255(e). The "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194 n. 4, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001). Rather, the "savings clause" is available to a petitioner only when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34; *see also United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015), *rehearing en banc granted* (Dec. 2, 2015) (stating that "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime."); *Boynes v. Berkebile*, No. 5:10-CV-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("The Fourth Circuit's specific language in *Jones* contemplates an instance in which a prisoner is imprisoned for an offense that is no longer a crime."). The

4

petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 721 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

In the instant action, Petitioner argues that he should be granted habeas relief because the sentencing court did not have jurisdiction to convict him. (ECF No. 1). Therefore, Petitioner is challenging the validity of his conviction and sentence and his claims must be brought pursuant to 28 U.S.C. § 2255 unless he can show by way of the savings clause that the remedy under § 2255 is inadequate or ineffective. Petitioner makes no such showing. As referenced above, Petitioner's remedy under § 2255 is not inadequate or ineffective simply because his previous § 2255 motions were denied. *See In re Jones*, 226 F.3d at 333; *Rumler v. Hemingway*, 171 F. Supp. 2d 705, 708 (E.D. Mich. 2001) ("The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence."); *Blanchard v. Dovey*, No. CV PJM-16-2451, 2016 WL 3632617, at *3 (D. Md. July 6, 2016).

Furthermore, Petitioner was convicted of conspiring to possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841, 846. This conduct has not been decriminalized subsequent to his conviction. Accordingly, Petitioner cannot satisfy the *Jones* criteria, and his claims are not cognizable under § 2241.

Given that Petitioner's claims are not properly brought under § 2241, his petition

5

"must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, his petition is at an end in this district. If the Court chooses to dismiss the action, then Petitioner will be required to pursue his claim in the sentencing court because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition, *see Poole*, 531 F.3d at 264, § 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.

Here, there is no purpose in construing Petitioner's petition as a § 2255 motion. Petitioner previously filed two similar § 2255 motions in the sentencing court, which were both denied. Moreover, his lack of a certificate from the Fifth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D. W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D. W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D. W.Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D. W.Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

The Court may exercise its authority under 28 U.S.C. § 1631 to recharacterize the petition as a motion for pre-filing authorization and transfer it to the Fifth Circuit for consideration. However, this action would also prove fruitless. Title 28 U.S.C. § 1631

provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). To the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Accordingly, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)).

For a court of appeals to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205.

Having taken "a peek at the merits" of Petitioner's petition, the undersigned finds

7

that he fails to state a potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Petitioner does not present newly discovered evidence or a new rule of constitutional law. Instead, he asserts the same arguments that were alleged in his prior § 2255 motions, which were previously denied by the sentencing court.

Further, under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There is no indication from Petitioner's petition that subsections (2) through (4) above apply to his claims. Therefore, the one-year clock within which Petitioner could file a § 2255 motion began after his judgment of conviction became final. The Fifth Circuit dismissed Petitioner's direct appeal in June 2011, and he did not seek a writ of certiorari in the United States Supreme Court. Consequently, the one-year clock within which he could file a habeas petition began to run in late 2011 and unquestionably expired many years ago. Notably, Petitioner's prior § 2255 motions did not toll the "one-year clock." *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other

collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."); *see also United States v. Martin*, No. 3:07-CR-122, 2015 WL 5440734, at *3 n.4 (E.D. Va. Sept. 15, 2015) (collecting cases).

Additionally, Petitioner does not allege, nor does any evidence before the Court show, that he would be entitled to equitable tolling of the limitations period. *Cf. Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). (Equitable tolling is only applicable in rare instances where a party has diligently pursued his rights, but "due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result."). In fact, Petitioner previously filed two § 2255 motions, which presented the same arguments as his present petition. He was clearly not impeded from presenting his claims in a timely fashion. Rather, he presented these claims to the sentencing court, and they were denied on substantive and procedural grounds.

Therefore, for all of the reasons stated above, this case should not be transferred to the Fifth Circuit for pre-filing authorization and it must be dismissed. His request for an expedited ruling should also be denied as moot.

### III. <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED**; the motion for an expedited ruling, (ECF No. 16), be **DENIED**, as moot; Respondent's request for dismissal, (ECF No. 10), be **GRANTED**; and this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

9

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Berger, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Juan Manuel Pelayo Sahagun, Register Number 33397-280, Federal Medical Center (FMC) Butner, P.O. Box 1600, Butner, NC 27509, and to Respondent's counsel of record.

**FILED:** August 11, 2017

Cheryl A. Eifert
United States Magistrate Judge